# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**HARRY WILLIAM LOTT,**

    **Plaintiff,**

    v.

**U.S. COURT OF APPEALS
FOR THE SIXTH CIRCUIT,** *et al.,*

    **Defendants.**

Civil Action 2:13-cv-859
Judge Algenon Marbley
Magistrate Judge Elizabeth P. Deavers

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff Harry William Lott, who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against the United States Court of Appeals for the Sixth Circuit, this Court, and Judge Gregory L. Frost.  This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), which is **GRANTED**.  This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED**.

### I.    BACKGROUND

Plaintiff purports to assert claims against this Court and Judge Frost for Judge Frost's handling of a case Plaintiff has pending before the Court.  Specifically, Plaintiff alleges that

Judge Frost declined to hold a hearing in his case, in violation of the law. (Compl. 2, ECF No. 1-2.) According to Plaintiff, Judge Frost declined to hold the hearing because Plaintiff has sued him in another case. Plaintiff alleges that he appealed Judge Frost's ruling to the Court of Appeals without success, which forms the basis of his purported claim against the Court of Appeals. He seeks $110 million dollars in damages, as well as injunctive relief requiring that the Court rule in his favor in a case he has pending before this Court.

## II.   STANDARD

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*       \*       \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon a court's determination that the action is frivolous or

---

[1]Formerly 28 U.S.C. § 1915(d).

malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, --- F.3d ----, No. 12-2620, 2013 WL 4081909, at *1 (6th Cir. Aug. 14, 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 2013 WL 4081909 at *2 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by

lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.  ANALYSIS

The Undersigned concludes that Plaintiff's Complaint must be dismissed.  First, Plaintiff's claim against Judge Frost is barred by absolute judicial immunity.  Judges who preside over courts of limited jurisdiction enjoy absolute immunity from nearly all civil suits for money damages.  *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985).  Although two exceptions to the doctrine of judicial immunity exist, the Plaintiff does not indicate in his Complaint that either of those two circumstances is present here.  *See Stump v. Sparkman*, 435 U.S. 349, 357, 361 (1978) (recognizing exceptions to judicial immunity where a judge acts in the "clear absence of all jurisdiction," or when the judge performs "non-judicial acts.")  Specifically, Plaintiff does not challenge Judge Frost's jurisdiction to preside over the case he has pending before this Court.  In addition, Judge Frost's decision to not hold a hearing constitutes a judicial act subject to immunity.  *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) (holding that to determine whether an act is "non-judicial" courts look to the nature of the act itself, especially where it is one that a judge normally performs, as well as the expectations of the parties, including whether they were dealing with the judge in his judicial capacity).

Second, with respect to Plaintiff's claims against this Court and the Court of Appeals, the United States is not a person subject to suit within the meaning of 42 U.S.C. § 1983.  *Cf. Leisure v. City of Reynoldsburg, Oh.*, No. 2007 WL 2344706, *2 (S.D. Oh. Aug. 14, 2007) (noting that the United States is not a person subject to suit under § 1985); *see also McGee v. U.S.*, No. 2010 WL 3211037, *3 (S.D. Oh. Aug. 12, 2010) (dismissing claims against the United States District

Court for the Western District of Michigan and the Court of Appeals for the Sixth Circuit); *Dumas v. U.S.*, No. 09-13155, 2009 WL 2905559, *1 (E.D. Mich. Sept. 4, 2009) (dismissing claims against the United States District Court for the Eastern District of Michigan and the Sixth Circuit Court of Appeals).

Finally, Plaintiff's request for injunctive relief is frivolous. Plaintiff seeks an Order directing this Court to rule in his favor in an action he has pending before the Court. Plaintiff has indicated no basis for such relief. If Plaintiff wishes to challenge any ruling of this Court, he must follow the standard procedure governing appeals. Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** under 42 U.S.C. § 1915(e).

### IV.   PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: September 16, 2013                     /s/ *Elizabeth A. Preston Deavers*
                                                                                                Elizabeth A. Preston Deavers
                                                                                                United States Magistrate Judge