IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HARRY WILLIAM LOTT,** | : | |
| | : | |
| Plaintiff, | : | Case No. 13-CV-0859 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| **THE DISTRICT COURT FOR THE** | : | |
| **SOUTHERN DISTRICT OF OHIO,** *et al.*, | : | |
| | : | Magistrate Judge Deavers |
| Defendants. | : | |

**OPINION AND ORDER**

This case is before the Court on the Initial Screening **Report and Recommendation** (Doc. 4) recommending the dismissal of Plaintiff Harry William Lott's Complaint (Doc. 3) against the District Court for the Southern District of Ohio, the United States Court of Appeals for the Sixth Circuit, and District Judge Frost.  Under 28 U.S.C. § 1915(e)(2)(B), suits *in forma pauperis* must be dismissed "at any time" if the Court determines that the allegations are "frivolous or malicious," "fail[] to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See Moniz v. Cox*, 512 F. App'x 495, 497 (6th Cir. 2013).  The Magistrate Judge found that the Complaint failed to state a claim for relief, and also sought money damages from a defendant subject to complete immunity. (*See* Doc. 4).  Plaintiff objects.  (Doc. 6).

For the reasons stated herein, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Magistrate Judge's **Report and Recommendation**, and hereby **DISMISSES** the case.

**I.     BACKGROUND**

Plaintiff alleges, in short, that Judge Frost erred when he granted Defendants' motion for summary judgment in *Lott v. Havar, Inc.*, No. 2:12-cv-00608 (S.D. Ohio June 7, 2013).  In

particular, in that case, Plaintiff argued in his own motion for summary judgment (*Lott v. Havar*, Doc. 105) that Judge Frost's denial of various motions by Plaintiff, as well as his denial of Plaintiff's request for a hearing, evinced an animus and bias against Plaintiff, on which basis Judge Frost should have recused himself.

Expounding on that theory, Plaintiff filed an action against Judge Frost and the Court, seeking monetary damages, while Plaintiff's case before Judge Frost was still on-going. Plaintiff argued that the basic requirements of Due Process obligated Judge Frost to hold a hearing; that Judge Frost ignored Plaintiff's legal education and denigrated his legal skills; that Judge Frost improperly denied several motions; and that Judge Frost was biased and should recuse himself. (Doc. 3 at 2-3). When his appeal in *Lott v. Havar* was unsuccessful (*see Lott v. Havar*, Doc. 109), Lott filed the present action against Judge Frost, this Court, and the Court of Appeals.

Under 28 U.S.C. § 1915(e)(2), the Magistrate Judge reviewed Plaintiff's Complaint, and found that Plaintiff had failed to state a claim for relief, and that he asserted claims for damages against a defendant subject to complete immunity. Accordingly, the Magistrate Judge recommended dismissal. (Doc. 4 at 1). Plaintiff objects, asserting that a hearing was "required by procedural due process." (Doc. 6 at 1). Moreover, Plaintiff insists that Judge Frost is not subject to complete immunity, because the doctrine of judicial immunity does not bar suits against judicial officers who act "maliciously or corruptly," or who act "entirely without jurisdiction." (*Id.* at 2-3). Judge Frost lacked jurisdiction, Plaintiff concludes, because he should have recused himself. (*Id.* at 3). Lott also seeks change of venue to a court in the United Kingdom; specifically, Lott desires the case be transferred to the Birmingham Civil Justice Centre Priory Courts in Birmingham, England. (*Id.* at 3-5).

## II.	STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1).

Dismissals for failure to state a claim under § 1915(e)(2) are governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6). *Moniz*, 512 F. App'x at 497. To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). Allegations in a pro se complaint are construed liberally. *Moniz*, F. App'x at 497.

## III.	ANALYSIS

Plaintiff has failed to state a claim upon which relief can be granted. As the Magistrate Judge correctly noted, when a party disagrees with a judge's ruling, his remedy is to file an appeal. In this case, Lott attempted to do so, but his request to proceed on appeal *in forma pauperis* was denied due to improper filings. (*See Lott v. Havar*, No. 2:12-cv-00608, Doc. 109 (July 17, 2013)). Lott made no effort to remedy his request.

Furthermore, with respect to Plaintiff's claims against this Court and the Court of Appeals, the United States is not a person subject to suit within the meaning of 42 U.S.C. § 1983. *Cf. Leisure v. City of Reynoldsburg, Oh.*, No. 2:07-cv-411, 2007 WL 2344706, at *2 (S.D. Ohio Aug. 14, 2007) (noting that the United States is not a person subject to suit under § 1985); *see also McGee v. United States*, No. 1:10–cv–521, 2010 WL 3211037, at *3 (S.D. Ohio Aug. 12,

2010) (dismissing claims against the United States District Court for the Western District of Michigan and the Court of Appeals for the Sixth Circuit); *Dumas v. United States*, No. 09-13155, 2009 WL 2905559, *1 (E.D. Mich. Sept. 4, 2009) (dismissing claims against the United States District Court for the Eastern District of Michigan and the Sixth Circuit Court of Appeals).

Finally, federal judges are subject to complete immunity from suits for money damages based on their judicial acts. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). A judge might not be shielded by immunity, however, if he performs a "non-judicial act." *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) (holding that to determine whether an act is "non-judicial," courts look to the nature of the act itself, especially where it is one that a judge normally performs, as well as the expectations of the parties, including whether they were dealing with the judge in his judicial capacity). In addition, a judge is not immune from claims for damages "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12. A judicial figure acts "in the clear absence of all jurisdiction" only when the matter upon which he acts is "clearly outside the subject matter of the court over which he presides." *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997).

In this case, Judge Frost is a United States District Judge, appointed by the President, and confirmed by the Senate, 149 Cong. Rec. S3420 (daily ed. Mar. 10, 2003) (confirmation of Gregory L. Frost), with original jurisdiction to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. He was acting in a judicial capacity in ruling on Plaintiff's case, and his jurisdiction to do so is beyond question. The fact Plaintiff leveled certain accusations at him personally, and filed this action against him, does not in itself give rise to a presumption of bias or an inability to try Plaintiff's case

impartially.  Contrast *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 876 (2009) ("[M]ost matters relating to judicial disqualification do not rise to a constitutional level"; rather, recusal is required only when the "probability of actual bias . . . is too high to be constitutionally tolerable.").  Moreover, even if it did give rise to a presumption of bias, the fact that a judge "probably should have recused himself" does not "nullify his judicial immunity." *Savoie v. Martin*, 673 F.3d 488, 493 (6th Cir. 2012).

Accordingly, the case must be **DISMISSED**.

### IV.    CONCLUSION

For the reasons stated above, Plaintiff's Objections are hereby **OVERRULED**.  The Court **ADOPTS** the Magistrate Judge's **Report and Recommendation**.  The action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                       s/ Algenon L. Marbley
                                       **ALGENON L. MARBLEY**
                                       **UNITED STATES DISTRICT JUDGE**

**DATED: October 8, 2013**